# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

DALLAS COBBS,

       Plaintiff,                             CASE NO. 07-CV-14644

v.                                   DISTRICT JUDGE ANNA DIGGS TAYLOR
                                      MAGISTRATE JUDGE CHARLES BINDER

GEORGE J. PRAMSTALLER,
CRAIG HUTCHINSON, WILLIAM
BORGERDING, MARCELLA CLARK,
KEITH IVENS, GREGORY NAYLOR,
BENCY MATHAI, BONITA DAVIS
NEIGHBORS, HARESH PANDYA, CHRIS SAMY,
individually and in their official capacities,
and CORRECTIONAL MEDICAL
SERVICES, INC.,

       Defendants.[1]
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
## ON DEFENDANT HUTCHINSON AND MATHAI'S MOTION TO DISMISS
(Doc. 86)

## I.    RECOMMENDATION

For the reasons set forth below, **IT IS RECOMMENDED** that Defendants' Motion to

Dismiss be **DENIED**.

## II.    REPORT

### A.    Introduction

By order of U.S. District Judge Anna Diggs Taylor, this case was referred to the

undersigned magistrate judge for general case management on November 7, 2007. (Doc. 3.) The

---

[1]Other defendants were dismissed on September 23, 2008, and June 24, 2009.

pending motion is brought by the "CMS Defendants," i.e., Defendants Hutchinson and Mathai. (Doc. 86 at 1.)

Plaintiff filed a response opposing Defendants' motion (Doc. 88), and Defendants filed a reply.  (Doc. 91.)  After review of the documents, I conclude that these motions are ready for Report and Recommendation without oral argument pursuant to E.D. Mich. LR 7.1(e)(2).

### B.   Background

Plaintiff is an inmate in the custody of the Michigan Department of Corrections ("MDOC") who was incarcerated at all times relevant to this litigation at the Ryan Correctional Facility in Detroit, Michigan.  (Compl., Doc. 1 at 2.)

The facts are largely undisputed and are provided in detail in the previous Report and Recommendation recommending denial of Defendants' motion for summary judgment (Doc. 77) that was adopted on February 12, 2009.  (Doc. 82.)  Plaintiff's complaint alleges that although he was diagnosed with cataracts in both eyes in 2004, he was given surgery on only one eye and was repeatedly denied requests for cataract surgery on the remaining eye by members of the Medical Services Advisory Committee ("MSAC") and medical staff of Correctional Medical Services ("CMS") for several years until he was finally provided with surgery on April 14, 2008.

Defendants argue that although Plaintiff pursued two grievances through Step III of the requisite grievance process, his claims against them are unexhausted because he failed to name Defendant Hutchinson or Mathai in those grievances.  (Doc. 86 at 11-16.)

### C.   Motion Standards

In facing a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "[t]he court must construe the complaint in the light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff can prove

a set of facts in support of its claims that would entitle it to relief." *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 360 (6th Cir. 2001). As the Supreme Court held in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007), a complaint must be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted if the complaint does not plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570 (rejecting the traditional Rule 12(b)(6) standard set forth in *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)). Under Rule 12(b)(6), "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted). Even though a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations omitted).

The Supreme Court recently explained that the "tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, ___U.S.___, 129 S. Ct. 1937, 1949 (2009) (finding assertions that a defendant was the "principal architect" of an invidious policy and another defendant was "instrumental" in adopting and executing a policy of invidious discrimination were insufficient to survive a motion to dismiss because they were "conclusory" and thus not entitled to the presumption of truth). Although Rule 8 "marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era," it "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* at 1950. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial

3

experience and common sense." *Id.* Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. . . .  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

Where a plaintiff is proceeding without the assistance of counsel, the court is required to liberally construe the complaint and hold it to a less stringent standard than a similar pleading drafted by an attorney.  *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999).  However, courts may not rewrite a complaint to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999), nor may courts construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993).  Neither may the court "conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), nor create a claim for Plaintiff, *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975), because to hold otherwise would require the court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### D.    Analysis and Conclusions

Defendants argue that although Plaintiff pursued two grievances through Step III of the requisite grievance process, his claims against them are unexhausted because he failed to name Defendant Hutchinson or Mathai in those grievances.  (Doc. 86 at 11-16.)  Plaintiff counters that when he filed the grievances and even when he filed the instant lawsuit, he did not know who had

denied him surgery; thus, he included the John Doe defendants. (Doc. 88 at 8.) Plaintiff further argues that he sufficiently identified the defendants by naming the MSAC and CMS in his grievances. (*Id.* at 9-10.) Finally, Plaintiff argues that since the MDOC considered his grievances on the merits without requesting additional names, he has adequately exhausted his remedies and that Defendants' motion attempts to improperly shift the burden to prove the affirmative defense of failure to exhaust upon Plaintiff to prove exhaustion. (*Id.* at 10-11.)

Prisoner civil rights cases are subject to the Prison Litigation Reform Act's ("PLRA") mandate that "[n]o action shall be brought with respect to prison conditions under § 1983 . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Suits "brought with respect to prison conditions" includes "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532, 122 S. Ct. 983, 152 L. Ed. 2d 12 (2002). To exhaust a claim, a prisoner must proceed through all of the steps of a prison's grievance process, because an inmate "cannot abandon the process before completion and claim that he has exhausted his remedies." *Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir. 1999). The Supreme Court held in *Woodford v. Ngo*, 548 U.S. 81, 126 S. Ct. 2378, 165 L. Ed. 2d 368 (2006), that failure to "properly" exhaust bars suit in federal court. "Proper exhaustion" means that the plaintiff complied with the administrative "agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Id.* at 2386.

The Supreme Court provided further clarification of the PLRA's exhaustion rule in *Jones v. Bock*, 549 U.S. 199, 127 S. Ct. 910, 166 L. Ed. 2d 798 (2007). The *Jones* Court struck down

the Sixth Circuit's procedural rule placing the burden on prisoners to plead and prove exhaustion in their complaint, holding instead that failure to exhaust is an affirmative defense that must be raised by the defendant. *Id.* at 921. The Court further held that "[t]he level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but **it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion**." *Jones,* 127 S. Ct. at 922-23 (emphasis added).

The Michigan Department of Corrections provides prisoners with a grievance procedure for bringing forward their concerns and complaints. *See* MDOC Policy Directive ("PD") 03.02.130 (eff. April 28, 2003).[2] The MDOC's grievance procedure consists of steps that a prisoner must follow prior to filing a complaint in court, and each step is accompanied by a time limit. First, within two business days after becoming aware of a grievable issue, an inmate should attempt to verbally resolve the dispute with those involved. MDOC PD 03.02.130(R). If such an attempt is impossible or unsuccessful, the inmate must then submit a Step I grievance form within five days. MDOC PD 03.02.130(X). The grievance policy provides the following instructions regarding what information needs to be included in a grievance:

> The issues shall be stated briefly. Information provided shall be limited to the <u>facts</u> involving the issue being grieved (i.e., who, what, when, where, why, how). Dates, times, places and names of all those involved in the issue being grieved are to be included.

MDOC PD 03.02.130(T).[3]

---

[2]The policy directive was superceded in December 2003, but since the conduct at issue here occurred before that date, this April 2003 version applies.

[3]I note that the MDOC grievance policy referred to by the Supreme Court in *Jones v. Bock* was the November 1, 2000, version, *see Jones*, 127 S. Ct. at 916, which did not require inmates to include in their grievances the dates, times, places and names of all those involved. The policy directive at issue here – the April 2003 version – clearly requires this higher level of specificity.

The prison staff is required to respond in writing to a Step I grievance within fifteen days unless an extension is granted. MDOC PD 03.02.130(Y). If the inmate is not satisfied with the response, or does not receive a response within fifteen days, he then must request a Step II appeal form within five days, and has an additional five days to submit it. MDOC PD 03.02.130(DD). Once again, if the inmate is dissatisfied with the response at Step II or does not receive a Step II response within fifteen days, he has ten business days to submit a Step III appeal to the Prisoner Affairs Section. MDOC PD 03.02.130(HH). The Step III response concludes the administrative grievance process.

I first suggest that Plaintiff's grievances which named MSAC and CMS wherein he consistently complained of being denied cataract surgery by the MSAC and CMS committees is sufficient to exhaust his remedies as to the staff (doctors) and members of those organizations who were responsible for making the complained-of decisions. *See Taylor v. Holmes*, No. 1:08-cv-952, 2009 WL 2170250, at *5 (W.D. Mich. July 21, 2009) (claims against specific staff member doctors exhausted despite Plaintiff's failure to name them in grievances against "health care").

I further suggest that, based on the MDOC's decision to analyze the grievances on the merits, the procedural default rule set forth in *Woodford* does not apply. *See Abbruzzino v. Hutchinson*, No. 08-CV-11534, 2009 WL 799245, at *5, *16 (E.D. Mich. Mar. 24, 2009) (neither *Jones v. Bock* nor *Woodford* changed principle that where merits of grievances are addressed, procedural default defect is waived and cannot form basis of a failure to exhaust defense; thus, grievances that failed to name particular defendant doctor but which were analyzed by the MDOC and were not rejected as vague are exhausted); *Downing v. Correctional Medical Services, Inc.*, No. 1:06-CV-232, 2009 WL 511849, at *7 (W.D. Mich. Feb. 26, 2009) (where grievance was addressed on the merits and where the plaintiff complained of lack of proper treatment by all health

care personnel, all claims raised in grievance were exhausted against all defendants involved in the allege denial of treatment); *Heggie v. Michigan Dep't of Corrections*, 2009 WL 36612, at \*3-\*4 (W.D. Mich. Jan. 5, 2009) (where defendants did not even claim that the MDOC relied on the plaintiff's failure to name individual doctors in denying grievance, procedural default did not apply and dismissal for failure to exhaust inappropriate).[4]

Accordingly, I suggest that Defendants' motion to dismiss for failure to exhaust administrative remedies should be denied.

## III.   REVIEW

The parties to this action may object to and seek review of this Report and Recommendation within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

s/ Charles E Binder

CHARLES E. BINDER
United States Magistrate Judge

Dated: July 30, 2009

---

[4]The opinion also discussed the conflicting district court decisions on this topic but noted that no published Sixth Circuit or U.S. Supreme Court decision runs contrary to its holding.

**<u>CERTIFICATION</u>**

I hereby certify that this Report and Recommendation was electronically filed this date and electronically served on counsel of record via the Court's ECF System.


Date:  July 30, 2009                    By     s/Patricia T. Morris
                                           Law Clerk to Magistrate Judge Binder