**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

DALLAS COBBS,

    Plaintiff,                          CASE NO: 07-14644

v.                                   DISTRICT JUDGE ANNA DIGGS TAYLOR
                                    MAGISTRATE JUDGE CHARLES E. BINDER

GEORGE J. PRAMSTALLER, *et al.*,

    Defendants.
                             /

## ORDER ON PLAINTIFF'S MOTION TO COMPEL DOCUMENTS
(Doc. 110)

> This order is entered under the authority given to this Magistrate Judge in an Order of Reference issued by District Judge Taylor pursuant to 28 U.S.C. § 636(b)(1)(A).

The instant motion relates to Plaintiff's first discovery request filed in August 2008. Specifically, Plaintiff seeks an answer to Interrogatory Number 4 and related requests for production of documents. (Doc. 110 at 2.) A Report and Recommendation (R&R) issued on March 25, 2010 (Doc. 115), was reviewed and affirmed on July 22, 2010, except that Plaintiff's motion to amend the complaint to add a custom and policy claim was denied. (Doc. 133.) This motion is now ready for determination on the pleadings in accordance with E.D. Mich. LR 7.1(f)(1).

The relevant interrogatory requests "written or computer-based criteria or standards that governed (or aided the decision-maker) when a request for specialty care cataract treatment was submitted to CMS." (Doc. 110 at 2.) Plaintiff contends that during Defendant Hutchinson's deposition of June 15, 2009, defense counsel learned that "CMS did in fact rely in part on commercially provided database services in deciding whether or not to approve medical care for prisoners, including ophthalmology services." (Doc. 110 at 3.) A supplemental request was then

sent to CMS from Plaintiff based on Dr. Hutchinson's testimony. (Doc. 110 at 3-4.) Plaintiff contends that although his counsel has followed up on that request numerous times and in spite of being promised that Plaintiff would receive InterQual and Milliman & Robertson materials on ophthalmology referrals and cataract surgery, there has been no substantive response to the discovery requests. (Doc. 110 at 4-6.)

Defendant responds that since CMS's contract to provide healthcare services to prisoners of the MDOC expired at the end of March 2009, CMS closed its office and cancelled its license to use the products requested in this state; thus, any printed versions of the requested documents cannot be located. (Doc. 113 at 6.) Defendant further argues that even if the documents could be found, they are not pertinent to the instant case because there is no evidence that any medical persons relied upon any criteria other than that established by the MDOC. (Doc. 113 at 7.) Defendant indicates that it would be willing to provide "certain InterQual materials concerning Cataract Surgery available from their present licensed InterQual resources used at their main office in St. Louis, Missouri. However, information about the InterQual and Milliman and Roberts guidelines indicates that they are licensed products subject also to copyright laws and available only to health professionals . . . [thus,] [i]f this court orders CMS to produce the InterQual guidelines at their disposal relative to second eye cataract surgery, then such disclosure must be subject to a protective order to ensure any licensing agreements or copyright laws are not breached." (Doc. 113 at 7.)

Plaintiff replies by asserting that the deposition testimony of Defendant Hutchinson and nurse Brenda Jones establishes that CMS did rely, at least in part, on the InterQual and Milliman guidelines. (Doc. 114 at 2-3.) In addition, Plaintiff contends that since the first request for these documents was filed in August 2008, the fact that CMS no longer has a contract with the MDOC

2

does not excuse CMS's failure to produce the documents. (Doc. 114 at 3.) Finally, Plaintiff indicates that he "has no objection to a protective order for this material, and from the start has been willing to stipulate to such an order." (Doc. 114 at 4.)

Rule 37(a) of the Federal Rules of Civil Procedure permits a discovering party to file a motion for an order compelling discovery if another party fails to respond to discovery requests after the discovering party has conferred or attempted to confer with the party failing to respond to the requests. At the threshold, I conclude that the prerequisites to filing a motion to compel have been satisfied.

Under Rule 26(b), "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense – including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter . . . [and r]elevant evidence need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Furthermore, Rule 26(c)(1)(G) allows the court to enter a protective order to require that "commercial information not be revealed or be revealed only in a specified way."

Although Judge Taylor's Order precludes any custom or policy claim against Defendant CMS, the deposition testimony elicited by Plaintiff concerns standards used by Defendant CMS in its decision making process which could be relevant to Plaintiff's Eighth Amendment claim against CMS; therefore, I conclude that the information sought by Plaintiff is reasonably calculated to lead to the discovery of admissible evidence, is sufficiently narrow in scope, and is available to Defendant CMS.

Plaintiff requested an award of costs under FED. R. CIV. P. 37 but since the issues presented were complex and dependent on Judge Taylor's ruling on the previous R&R, I conclude that an award of expenses would not be just.

Accordingly, **IT IS ORDERED** that the parties submit a proposed protective order concerning the material on or before August 30, 2010. Once the protective order is filed, Defendant shall provide the requested material to Plaintiff within 14 days of the date the protective order is filed.

Review of this order is governed by 28 U.S.C. § 636(b)(1), FED. R. CIV. P. 72, and E.D. Mich. LR 72.1(d).

                                                 s/ Charles E Binder
                                                 CHARLES E. BINDER
Dated: July 30, 2010                             United States Magistrate Judge

### **CERTIFICATION**

I hereby certify that this Order was electronically filed this date, electronically served on Paul Reingold, Brian Richtarcik and Clifton Schneider, and served on District Judge Taylor in the traditional manner.

Date: July 30, 2010                        By    s/*Jean L. Broucek*
                                                    Case Manager to Magistrate Judge Binder